# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Roberto A. Pintado,<br><br>  Plaintiff,<br><br>  v.<br><br>Housing Authority of the City of Los Angeles,<br><br>  Defendant. | Case No. 2:22-cv-00677-APG-BNW<br><br>**REPORT AND RECOMMENDATION** |

The Court previously dismissed Plaintiff's complaint with leave to amend based on his failure to state a claim upon which relief could be granted. ECF No. 4. In essence, the Court explained that it was not clear who he was suing or the reason why he was suing. *Id*.

Since then, Plaintiff has filed several amended complaints (ECF Nos. 8, 10, 12, 13, 17, 21, 23). In addition, he filed a motion at ECF No. 26, which the Court construes as another amended complaint. *See* ECF No. 26.

Because it is clear Plaintiff will not be able to state a claim for relief, the Court will recommend that the last amended complaint (ECF No. 26) be dismissed with prejudice.

The Court now screens Plaintiff's last amended complaint as required by 28 U.S.C. § 1915(e)(2).[1]

**I.    Analysis**

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is

---

[1] As the Court previously explained, amended complaints must be complete in and of themselves. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete. ECF No. 4.

frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

Here, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint still fails to clearly state who he is suing and the reason why he is suing them. In addition, in order to try to understand Plaintiff's claims, the Court read several of the other amended complaints filed. It appears Plaintiff's allegations describe fantastic and delusional scenarios. (For example, despite stating that he is homeless, he alleges he had five Ferraris and that Michael Douglas wanted to buy one (ECF No. 8), that Nancy Reagan told him to mention her name should he get in trouble (*id.*), that he worked for the CIA Director in the past (*id.*), that people tried to kill him and extract his DNA to make kids and grow them in water (ECF No. 10), and that he was taken to the White House, drugged, put on a terrorist list, and water-boarded in Guantanamo (*id.*).

In addition, at ECF No. 8, Plaintiff explains that this case is related to (and stems from) 18-cv-991-JAD-DJA, which was also dismissed with prejudice for failure to state a claim. *See Pintado v. Maywood Police Department*, et al., 2:18-cv-991-JAD-DJA, ECF Nos. 16, 18. The complaint in that case also contained fantastical and unrealistic scenarios.

Given the many complaints filed, and the failure to state a claim for relief in any of them, the Court does not believe the deficiencies in Plaintiff's complaint can be cured by amendment. As a result, it will recommend that the last amended complaint (ECF No. 26) be dismissed with prejudice.

## II. Conclusion

IT IS THEREFORE recommended that Plaintiff's last amended complaint (ECF No. 26) be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 23, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE